UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETHANY S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5116-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating her testimony and the medical opinion evidence, and that remand for an award of benefits is the appropriate remedy. (Dkt. # 11.) The Commissioner filed a response conceding error and arguing that remand for further proceedings is the appropriate remedy. (Dkt. # 15.) Plaintiff filed a reply. (Dkt. # 16.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

## II. BACKGROUND

Plaintiff was born in February 1990, has at least a high school education, and has worked as a research worker. AR at 25-26. Plaintiff was last gainfully employed in December 2020. *Id.* at 19.

In June 2022, Plaintiff applied for benefits, alleging disability as of December 1, 2020. AR at 17. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on February 4, 2025, she issued a decision finding Plaintiff not disabled. *Id.* at 17, 27.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had not engaged in substantial gainful activity from December 1, 2020, through her date last insured, December 31, 2022. AR at 19. She had the severe impairments of major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and attention hyperactivity disorder. *Id.* She had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations. *Id.* at 22. As jobs existed in significant numbers which Plaintiff could perform, she was not disabled. *Id.* at 26-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Although the Court evaluates the

[2] 20 C.F.R. § 404.1520.

record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F.3d 1090, 1100 (9th Cir. 2014).

## IV. DISCUSSION

### A. Proper Remedy is Remand for Further Proceedings

The parties here agree that the ALJ did not provide legally sufficient reasons for rejecting Plaintiff's testimony and various medical opinions. (*See* dkt. # 15 at 2-5.) They disagree whether the record is fully developed and if further administrative proceedings would be useful. (Dkt. # 16 at 3-8.) Here, the ALJ's error springs from failing to find at step two that Plaintiff's fatigue was severe, as she did not evaluate Plaintiff's subjective complaints of fatigue in her RFC formulation, and she referenced her step two findings in discounting the sole opinion from an

acceptable medical source.[3] *See* AR 23-24. The Commissioner is correct that this creates a dearth of findings of fact when it comes to Plaintiff's fatigue limitations. (*See* dkt. # 15 at 3.)

Plaintiff's emphasis on the length of the record misses the requirements of the second step of the *Garrison* test. 759 F.3d at 1020. At this step, the Court must determine whether the record "is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (quoting *Treichler*, 775 F.3d at 1101). The record here is not free from conflicts or ambiguities. As the ALJ noted, the record showed some improvement with treatment. *See Smartt*, 53 F.4th at 496 (ALJ properly discounted treating physician's opinion that was inconsistent with the treatment record showing normal findings and evidence of improvement). Plaintiff declined further testing when her initial lab results were not informative. AR at 661. She had improvement in her brain fog after following medical recommendations. *Id.* at 657. Though doctors recommended using a CPAP machine to help with her sleep apnea, *id.* at 783, she declined to continue using it because of discomfort and because the noise was disturbing, *id.* at 713. Treatment further improved her symptoms to the point where her "fatigue [had] noticeabl[y] subsided, with the patient now able to walk for half an hour without experiencing fatigue. There is no longer a daily need for a nap." *Id.* at 1550. It is the ALJ's role to resolve conflicts with Plaintiff's testimony and the medical opinions. *See, e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (emphasizing that resolving conflicts in testimony is a function solely for the agency); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) ("we are not triers of

---

[3] The record also contains the opinions of two naturopaths, Erin Tausend, ND, and Claire Zimmerman, ND, who are not considered acceptable medical source under the regulations, though they are medical sources which the ALJ must evaluate under the regulations applicable to this case. *See* AR at 24-25, 20 CFR §§ 404.1502, 404.1513.

fact”). Where conflicting evidence and essential factual issues remain unresolved, remanding for an award of benefits is inappropriate. *See Dominguez*, 808 F.3d at 407; *Treichler*, 775 F.3d at 1106-07. Accordingly, remand for further proceedings is the appropriate remedy.

## V. CONCLUSION

For the foregoing reasons, the Commissioner’s final decision is REVERSED and this case is REMANDED for further administrative proceedings. On remand, the ALJ should revaluate Plaintiff’s impairments at step two, reevaluate Plaintiff’s testimony, and reevaluate the medical opinion evidence.

Dated this 14th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge